IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS | ) | INDICTMENT NO. CR2:18-cr-50 |
| | ) | |
| JOHN DRAXELL BUCKLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM OF DEFENDANT

### I.

### INTRODUCTION

Defendant John Buckley was indicted on November 8, 2018 and then

named again in a superseding indictment on December 7, 2018.  He

entered his plea of guilty on May 20, 2019 to count one, conspiracy to

possess with intent to distribute, and to distribute, controlled substances in

violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1) and (b)(1)(C).

While the Government has decided not to file a motion for downward

departure in this case, it is still important to note that Mr. Buckley

voluntarily sat down with agents for a proffer.  He was honest and

forthcoming, and provided information related to this case, but also

information that could be helpful in other cases down the road.  While it

may not have risen to the level of warranting a 5K motion, it is important to

include in this memorandum to demonstrate both Mr. Buckley's honesty, acceptance of responsibility, and role in the case at hand.

## II.

## PERSONAL HISTORY

John Buckley was born on May 24, 1960 in Brunswick, Georgia to Sidney Clayton Buckley, Sr. and Cleo Buckley, who remained married to each other throughout John's childhood and up until the death of John's mother in 2004. John Buckley had a normal and enjoyable childhood. He played sports and graduated from high school. As the presentence report notes, his brothers and sisters went on to work in very respectable fields and become productive citizens. John was the only one in his family to ever go to jail. John clearly made some poor choices throughout his life, but he places no blame on the loving home he had growing up.

What ended up being John Buckley's demon, which haunts him to this very day as he is being sentenced as a career offender, was a crack addiction that lasted from the 1980s through April of 2005. Before this struggle however, John went into the United States Navy on March 8, 1979. In the Navy, John was able to travel and live all over the country. It wasn't until his time stationed in San Diego that he was introduced to cocaine. It

was prevalent, recreational, addictive, and would follow him for the rest of his life. John Buckley was honorably discharged from the Navy as an E4 in 1982 after a 3-year bid. He later re-enlisted and was honorably discharged a second time as an E5. His addiction to cocaine followed him back to Brunswick, where it immediately entangled him with the wrong people. He met people who taught him how to cook the cocaine instead of free base it, which was when he saw and tried crack for the first time. Unfortunately, it was much more addictive than the cocaine he had been introduced to on the west coast. By 1987, he was heavily addicted to crack.

Over the next 18 years, John Buckley took chances, bought crack, sold crack, whatever it took to support his next high. It's clear from his criminal history that he was not involved in any large-scale distribution or trafficking. Instead, time after time, he would be busted for, and plea to transactions worth as little as $20. However, these transactions now stand to cause him to spend the rest of his life in prison. John spent the 1990s and much of the 2000s in and out of jails, PDCs, and finally in 2003, prison for a distribution charge. When he was released March 17, 2005, he got high that day, indicating that even prison had not broken his addiction. Just a month later on April 13, 2005, John was arrested again on possession of cocaine and obstruction of an officer when he fought with the

officers after they tried to apprehend him.  After that day, the day John Buckley considered his rock bottom, he never used drugs again.  To this day he has been clean and sober since 2005.  John was released from prison again in 2007 and managed to stay away from drugs until 2011.  He was approached with an offer to make a little extra money and succumbed to that lifestyle once again.  His parole was revoked, and he stayed in prison until 2014.

During the nine years of his life that John Buckley spent in prison, he never got a disciplinary report.  When he wasn't in prison he was working.  He had worked for Sea Island on and off since he was 15, but his record kept him from going back this last time, so instead of working for Sea Island directly, he worked for Ag Hill—a contractor on Sea Island.  John worked for Ag Hill from November of 2016 until he was arrested.  He was responsible for the grounds and the shrubberies and general upkeep around the resort areas.   When he was arrested, he was in the process of getting his Veterans benefits, which would supplement the low income he had from Ag Hill.

III.

OFFENSE CONDUCT

John Buckley has admitted to and takes full responsibility for his role in this conspiracy.  We do, however, submit to the Court that it was a very minor role, perhaps having the least involvement of anyone named in the indictment.  Michael Nixon is the only person with whom John Buckley had a relationship.  They had known each other most of their lives, and in between Nixon's prison stints, they would hang out, drink beer, and play chess.  Nixon approached John early in 2018 about fronting him a quantity of cocaine to sell.  John turned this proposal down and cut down on the time he spent with Nixon.  There is even a phone call in the discovery where John refuses to go out of town with Michael Nixon—knowing what he is involved in and trying to spend as little time with him as possible.  Nixon continued to try and involve John, and finally he caved.  Michael Nixon gave John an "8 ball" to get started, and there were times where he wouldn't even make John pay for it.  As mentioned in John's interview with FBI and in his presentence report, he did sell very small amounts of cocaine a number of times to supplement his $10/hour job on Sea Island.  Once his

bills were paid from his regular income, John had no money for things such as taking his girlfriend to dinner and his clothes to the cleaners.  Certainly financial strain is no excuse for illegal activity, but it is important to John that the Court know he had no intentions of becoming some major dealer or becoming significantly involved in the movement of any large amounts of drugs in this community.  This was evidenced by the amounts he would purchase from Michael Nixon, as well as the fact that he would often trade the cocaine to junkies in exchange for toiletries, shoes, detergent, etc. There were multiple times where Michael Nixon would encourage John to become a bigger participant, to get double what he had been getting, even purchase ounces, but John refused.  When John Buckley and his home were searched after he was arrested, agents didn't find one single drug related item.

IV.

<u>RECOMMENDATION</u>

While John Buckley had several opportunities, including a safe and loving childhood, to choose a life free of crime, he struggled to make the right choices.  A crack addiction at first, and then a desire to be able to live comfortably clouded his judgment and ability to stay away from the drug

culture.  Now, as he was on the cusp of receiving his Veterans benefits

which would have relieved him of the need for additional income, he

regretfully faces another period of incarceration.  Certainly the longest, by

far, of his life.  After turning Michael Nixon down repeatedly, a weak

moment and bad decision is going to combine with those made long ago to

take many years away from him at an already late 59 years of age.

Unfortunately, John has been classified as a Career Offender.

John knows that he has brought his problems on himself.  He

promptly pled guilty, and was honest, forthcoming, and helpful in his

interview with the Government.  However, John's assistance was not

enough to warrant a 5K1.1 motion by the government.  John was truthful,

but simply did not know enough information to aid in any investigation or

case.  We submit to the Court that this is additional evidence of John's very

minor role in this case.  Counsel believes a sentence below the steep

guidelines in this case would be sufficient but not greater than necessary to

meet the ends of justice and satisfy all of the §3553 factors.

John Buckley is almost 60 years old.  Age is a powerful component of

reoffending, and is a factor not considered by the guidelines.  Offender

rates decline consistently as age increases.  Offenders over the age of 50

have a recidivism rate of 9.5%.[1]  After being sentenced as a Career Offender at the age of 59, it is highly unlikely statistically that John will have any more involvement in criminal activity.  A sentence within the guidelines in this case would not advance deterrence or protect society any more than that of one underneath them, which is still incredibly high.  It is greater than necessary to meet the four purposes of sentencing set forth in 18 U.S.C. §3553.

Counsel believes John still has a chance to benefit society.  He is not a bad person.  His drug problem, poor choices, and the culture that he was immersed in is unfortunately now causing him to face a heavier than necessary penalty in this case.  John knows his decision that led him to this point was misguided, and he has accepted responsibility for his misconduct by agreeing to plead very early in the process, in addition to attempting to aid federal agents in this and another investigation.  A sentence below the guidelines in this case may give John another chance to be a lawful, productive citizen at some point in the future, and at least not live out his last years in prison.  Counsel and Defendant understands that the Court has no obligation to give John another chance.  John and I, as well as his friends that will testify on his behalf, ask that the Court, in its exercise of

---

[1] MANDATE, LEGISLATIVE. "Measuring Recidivism: The Criminal History Computation OF THE Federal Sentencing Guidelines." (2004). P. 14.

8

mercy, impose a sentence underneath the guidelines, and not extinguish

John's future and the remainder of his life by a more lengthy sentence.

Respectfully submitted this 12th day of January, 2020.

/s/ Adrienne Blair Browning
**Adrienne Blair Browning, Esq.**
Attorney for Defendant
Ga. Bar No. 974637


**Tucker & Browning Law, P.C.**
**Saint Andrews Court**
**Brunswick, Georgia 31520**
**Telephone:  912-580-3507**
**Facsimile:   912-289-2448**
**adrienne@tuckerandbrowning.com**

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed the foregoing Defendant John Buckley's Sentencing Memorandum with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to all parties to this action.

<u>/s/ Adrienne Blair Browning</u>
**Adrienne Blair Browning, Esq.**
Attorney for Defendant
Ga. Bar No. 974637

**Tucker & Browning Law, P.C.**
 **Saint Andrews Court**
**Brunswick, Georgia 31520**
**Telephone:  912-580-3507**
**Facsimile:  912-289-2448**
**adrienne@tuckerandbrowning.com**